UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>ORGANO GOLD INT'L, a Washington Limited Liability Company; HOLTON BUGGS, an individual; DOES 1through 25 and DOES 26 through 30,<br><br>     Defendants. | Case No. 4:10-CV-420-LMB<br><br>**MEMORANDUM DECISION AND ORDER ON MOTION TO DISMISS AND IN THE ALTERNATIVE, MOTION FOR TRANSFER OF VENUE (Dkt. No. 29)** |

Currently pending before the Court is Defendant Holton Buggs' Motion to Dismiss and In the Alternative, Motion for Transfer of Venue (Dkt. No. 29). The Court heard oral argument on June 15, 2011, and took the motion under advisement. Having considered the parties' arguments and written submissions, the Court issues the following Memorandum Decision and Order denying the motion.

## BACKGROUND

**A. General**

The Court will set forth the underlying facts as alleged in Plaintiff's Amended Complaint. The following are alleged facts only and this recitation should not be

**MEMORANDUM DECISION AND ORDER  1**

interpreted by the parties as a finding of fact by the Court in any respect. However, as set forth on pages five and six hereafter, in ruling on the pending motion to dismiss, the Court must take the uncontroverted factual allegations as true.

Plaintiff Melaleuca, Inc. is a consumer goods company, based in Idaho Falls, Idaho, and operating in approximately 15 countries. *Amend. Cmplt.*, ¶ 1. It employs more than 1,500 people in Idaho and over 2,700 people around the world. *Id.*

Melaleuca sells its consumer goods products directly to customers but with the help of independent contractors called Marketing Executives ("ME"). *Id*. at 15. Marketing Executives earn commissions from Melaleuca by referring customers and by training, motivating or otherwise supporting other Marketing Executives in their efforts to refer customers. *Id.* at 17.

Each Melaleuca Marketing Executive has a "Marketing Organization" made up of customers referred by that Marketing Executive, other Marketing Executives he or she supports, as well as the customers they each referred and Marketing Executives they each support, and so on "down the line." *Id.* at 18.

Marketing Executives sign an Independent Marketing Executive Application and Agreement, which incorporates the Melaleuca Statement of Policies. *Id*. at 21. Included amongst these policies is a Proprietary Information and Trade Secrets clause governing certain Melaleuca information accessed by the Marketing Executives, and a Non-solicitation and Conflicts of Interest clause prohibiting Marketing Executives from

**MEMORANDUM DECISION AND ORDER 2**

soliciting Melaleuca customers or other Marketing Executives for competing business. *Id.* at ¶¶ 22 & 23.

Defendants Organo Gold Int'l Inc., a Nevada corporation, and Organo Gold International, LLC, a Washington limited liability corporation (collectively "Organo"), are together a newly incorporated "network marketing" company that is also selling household products. *Id.* at ¶¶ 7 & 25. According to the Organo website, Defendant Holton Buggs, a Texas resident, is the Vice President of Sales for Organo, a "Crown Diamond Marketing Associate"[1] and Organo's "top earner."[2] *Id.* at 8.

Plaintiff alleges that Organo, in a conspiracy with Defendant Buggs, is expanding its company by unlawfully duplicating "key portions" of Melaleuca's business model, using its proprietary information, and "raiding" its Marketing Executives and customers.

**B.    Allegations of Defendant Buggs' Actions**

From September 2008 to August 2009, Defendant Buggs was a Melaleuca Preferred Customer.[3] *Id.* at 35. As a Preferred Customer, he had access to Melaleuca meetings where he would have interacted with other Melaleuca Marketing Executives and customers, and would have or should have been aware of Melaleuca's non-solicitation

---

[1] Ograno's "Marketing Associate" position appears to be analogous to Melaleuca's Marketing Executive role. A "Crown Diamond Marketing Associate" is one ....

[2] The citation boasts Buggs' earnings as over $4 million. *See Response* (Dkt. 37), Statement of Facts, ¶ B.16.

[3] A Preferred Customer commits to a certain amount of products ordered and receives eligibility for certain discounts on services. *Amend. Cmplt.*, ¶ 16.

**MEMORANDUM DECISION AND ORDER  3**

policy applicable to its Marketing Executives. *Id.*

In or around May or June 2009, Defendant Buggs, along with a then Melaleuca Marketing Executive Jose Ardon, hosted a meeting at Buggs's home in Houston, Texas, which was attended by other then currently contracted Melaleuca Marketing Executives including Sandra Zapata, Alberto Godinez, Marcela Hinojosa and her husband, and Rosa Chavez. *Response to Holton Buggs's Motion to Dismiss and in the Alternative, Motion for Transfer of Venue* (Dkt. 37) ("*Response*"), Statement of Facts, ¶¶ 2 -3; *Affidavit of Sonia Schuetz in Support of Response to Holton Bugg's Motion to Dismiss or Transfer* (Dkt. 37-4) ("*Scheutz Affid.*"), ¶ 6. During the meeting, Buggs made a presentation to the group about Organo, asked the attendees to "join" Organo, and encouraged them to solicit other Marketing Executives in their individual Marketing Organizations to join Organo. *Response*, Statement of Facts, ¶¶ 2-5. Afterward, Jose Ardon and at least one of the attendees cancelled his or her Melaleuca account and enrolled as an Organo Marketing Associate "down the chain" from Defendant Buggs. *See id.* at ¶ 10; *Amend. Cmplt.* ¶¶ 38- 42. Accordingly, Defendant Buggs received income from the enrollment of the former Melaleuca Marketing Executives and their customers. *See id*. at ¶ 43.

After the former Melaleuca Marketing Executives became members of Organo, Buggs (with Organo) encouraged them to solicit other then current Maleleuca Marketing Executives to become Organo Marketing Associates, using their Melaleuca customer information and in violation of their non-solicitation agreements. *Id.* at ¶ 44. Plaintiff

**MEMORANDUM DECISION AND ORDER  4**

alleges that Defendants had knowledge of the agreements and intended to "reap the benefits" of their breaches. *Id.* at ¶¶ 44; 48 - 51.

Plaintiff alleges that Defendant Buggs has assisted Organo in systematically soliciting hundreds of Melaleuca Marketing Executives to become Organo Marketing Executives, *id.* at 45, and offered financial incentives to induce them into breaching their Melaleuca non-solicitation and confidential obligations. *See generally Amend. Cmplt*. Plaintiff attributes the exodus of dozens of individuals from Melaleuca to Organo to Buggs's and Organo's cooperative unlawful activities.[4]

Plaintiff brings four causes of action against Defendants: One - Tortious Interference with Contractual Relations; Two - Tortious Interference with Prospective Economic Advantage; Three - Unfair Competition; and Four - Civil Conspiracy. Plaintiff initiated this action in Idaho District Court in Bonneville County, and Defendants removed to this Court.

Defendant Buggs has moved pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(2) and (3) to dismiss this action for lack of personal jurisdiction over Defendant Buggs and improper venue. Alternatively, he requests a change of venue to his home

---

[4]Melaleuca filed state court actions against several of these former Melaleuca Marketing Executives – Jose Ardon, Arturo Nazario, Donaciano Martinez, Sonia Alfaro, Nora Alfaro, John and Blanca Sachtouras and Marcel Hinojosa, which are currently pending in Bonneville County, Idaho. *Amend. Cmplt*., ¶¶ 3-4.

**MEMORANDUM DECISION AND ORDER  5**

state of Texas for the convenience of the parties and the witnesses, and in the interest of justice. 28 U.S.C. § 1404(a) and/or 1406(a).

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**A.     Standard of Law for Motion to Dismiss**

In ruling on this motion, the Court must take the Plaintiff's uncontroverted allegations in the Amended Complaint as true and resolve factual disputes in affidavits in its favor.  *See Dole Food Co.*, *Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). However, where Defendant has offered evidence in support of its motion to dismiss, Plaintiff may "not simply rest on the bare allegations of its complaint."  *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *see Data Disk*, *Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (holding that the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit").  In that instance, Plaintiff must "come forward with facts, by affidavit or otherwise," in response to Defendant's version of the facts.  *Amba Mktg. Sys., Inc.*, 551 F.2d at 787.  Factual conflicts, however, must be decided in Plaintiff's favor in deciding whether a prima facie case for personal jurisdiction has been met.  *Mattel, Inc. v. Greiner and Hausser GMBH,* 354 F.3d 857, 862 (9th Cir. 2003).

Plaintiff seeks to invoke this Court's jurisdiction, and therefore bears the burden of establishing that the Court has personal jurisdiction over Defendant Buggs.  *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir. 1986); *Rano v.*

**MEMORANDUM DECISION AND ORDER  6**

*Sipa Press, Inc.,* 987 F.2d 580 (9th Cir. 1995). If the Court decides the matter on affidavits and depositions – without an evidentiary hearing – Plaintiff need only establish a prima facie showing of jurisdictional facts to withstand a motion to dismiss. *Ballard v. Savage,* 65 F.3d 1495 (9th Cir. 1995). But the issue remains alive for trial where Plaintiff must prove personal jurisdiction by a preponderance of the evidence. *Rano,* 987 F.2d at 587 n. 3.

In order for a district court to exercise personal jurisdiction over a defendant in a diversity of citizenship lawsuit, the plaintiff must show (1) that the forum's long-arm jurisdiction statute confers jurisdiction over the defendant, and (2) that the exercise of jurisdiction comports with federal constitutional principles of due process. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986); *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir. 1987). The Ninth Circuit Court of Appeals addressed the standard under the Idaho long-arm statute in *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir. 1987):

> The Idaho long-arm statute provides that a person is subject to personal jurisdiction if, among other things, he transacts business or commits a tortious act in Idaho and the alleged cause of action arises from that transaction or act. Idaho Code § 5-514 (1979). The Idaho legislature, in adopting that statute, intended to exercise all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution.

*Lake*, 817 F.2d at 1420 (*citing Doggett v. Electronics Corp. of Am.,* 93 Idaho 26, 30, 454 P.2d 63, 67 (1969)). Because "the state and federal limits are coextensive," *id.,* this court must focus its inquiry on whether the exercise of jurisdiction comports with the

**MEMORANDUM DECISION AND ORDER 7**

constitutional principles of due process. *See id.*

Due process requires that a defendant have certain "minimum contacts" with the forum state such that the exercise of personal jurisdiction "does not offend the traditional notions of fair play and substantial justice." *Lake,* 817 F.2d at 1420 (*citing Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 343 (1940)). These contacts may be established in one of two ways – by satisfying either the general jurisdiction test, or the specific jurisdiction test. *Lake,* 817 F.2d at 1420; *Hirsch*, 800 F.2d at 1477. If a defendant's contact with the forum is "continuous and systematic," or "substantial," the court may exercise jurisdiction over the defendant "generally," regardless of whether the cause of action arises out of the contact. *Lake*, 817 F.2d at 1420 (*citing Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 447 (1952); *Hirsch*, 800 F.2d at 1478 (citations omitted)). Alternatively, if a defendant's contact with the forum is less substantial, but the cause of action arises out of the forum related-activity, a court may exercise jurisdiction specific to that forum contact, so long as this limited exercise is otherwise constitutional. *Lake*, 817 F.2d at 1420; *Hirsch*, 800 F.2d at 1478.

**B.     Analysis**

**1.     General Jurisdiction**

The standard for establishing general jurisdiction is "fairly high," and paramount to establishing a physical presence in the forum. *Brand v. Menelove Dodge*, 796 F.3d 1070, 1073 (9th Cir. 1986); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir.

1984). Plaintiff argues that, based on Organo's and Buggs's representations of Buggs with respect to his success and business activities as an highly compensated, successful international marketing representative for Organo, with approximately 60,000 distributors world-wide, Buggs should be subject to the general jurisdiction of this court. Plaintiff argues further that it is highly likely that Defendant Buggs has substantial contacts directly with Idaho in his role as Organo's Vice President of Sales who has "built and mentored a team in excess of 100,000." *See Response to Holton Buggs's Motion to Dismiss and in The Alternative, Motion for Transfer of Venue* (Dkt. 37)(hereafter "*Response*"), Statement of Facts, ¶ 1.

The Court makes no finding and expresses no opinion whether Holton Buggs' national and/or international activities could result in continuous and systematic, or substantial, enough contacts with Idaho for this court to exercise general jurisdiction. At this point in time, the record as to Buggs' activities and role with Organo in Idaho is somewhat speculative, and therefore, insufficient to establish a prima facie case of general jurisdiction in this district.

   2.   **Specific Jurisdiction**

Specific, or limited, jurisdiction is established through a three-part analysis. The plaintiff has the burden of making a prima facie showing on the first two factors: (1) that the nonresident defendant purposefully directed its activities or consummated some transaction with the forum or residents of the forum; or performed some act which

purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; and (2) the claim arises out of or relates the defendant's forum-related activities. *Lake*, 817 F.2d at 1421 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-76 (1985)).

The "purposeful availment" requirement ensures that a defendant will not be haled into court in a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)(internal quotations omitted). When a defendant commits an act purposefully directed at a specific individual or company from which a claim arises, it is reasonable for the defendant to anticipate being haled into court in the forum of that target. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *Haisten*, 784 F.2d at 1397; *Lake*, 817 F.2d at 1421. The Ninth Circuit has explained:

> [W]ithin the rubric of "purposeful availment" the Court has allowed the exercise of jurisdiction over a defendant whose only "contact" with the forum state is the "purposeful direction" of a foreign act having effect in the forum state. *See, e.g., Calder v. Jones*, 465 U.S. 783, 789, 104 S.Ct. 1482, 1487, 79 L.Ed.2d 804 (1984). Moreover, jurisdiction may be exercised with a lesser showing of minimum contact than would otherwise be required if considerations of reasonableness dictate. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). Finally, there is a presumption of reasonableness upon a showing that the defendant purposefully directed his activities at forum residents which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable. *Id.* 105 S.Ct. at 2185.

*Haisten*, 784 F.2d at 1397. Accordingly, once the plaintiff has met its burden, and shown that a defendant purposefully directed its activities at the forum and that the claim arose

**MEMORANDUM DECISION AND ORDER 10**

out of those forum activities, the burden shifts to the defendant to make a "compelling case" that the exercise of jurisdiction in the forum would be unfair or unreasonable. *Id.; Lake*, 817 F.2d at 1422 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 - 78 (1985); *Fields*, 796 F.2d at 302)).

> a. **Buggs' minimum contacts with Idaho are sufficient for the Court to exercise personal jurisdiction over him arising out these contacts.**

This court is of the opinion that Plaintiff has made a prima facie case showing that this Court has specific jurisdiction over Defendant Buggs based on his purposeful activities directed at Melaleuca, an Idaho company, and with the consequences and/or effects of his activities resting in Idaho. *See Haisten*, 784 F.2d at 1397. Taking the undisputed allegations of the complaint as true, Holton Buggs solicited specifically Melaleuca Marketing Executives and correspondingly, their customers, successfully induced them to leave Melaleuca and to join Organo, which caused financial harm to Melaleuca, an Idaho resident. The Court does not believe that whether or not Defendant Buggs knew Melaleuca was an Idaho company is dispositive on the issue.[5] It is enough that he knew that the Marketing Executives he recruited, along with their customers, were Melaleuca Marketing Executives and customers. *See Lake,* 817 F.2d at 1421.

---

[5]Plaintiff points out that Melaleuca Preferred Customer Agreement, which Buggs signed, prominently displays Melaleuca's Idaho Falls, Idaho, address, and that the address is published in numerous locations which Buggs, in his role as Vice President of Sales for Organo, would have seen. Defendant Buggs claims he had no actual knowledge that Melaleuca is an Idaho company until the filing of this lawsuit.

**MEMORANDUM DECISION AND ORDER 11**

On that point, there is a factual dispute. Defendant Buggs denies knowledge of a Melaleuca involvement with two of the Marketing Executives specifically named in the Complaint as having attended the meeting at his home in Texas. *See Declaration of Holton Buggs*, (Dkt. 29-2), ¶¶ 18-20. He also states that he has no recollection of meeting the other Marketing Representatives who were in attendance. *Id.* Buggs's statement does not specifically contradict the Plaintiff's allegations that he knew other Marketing Executives and/or customers he allegedly recruited, or the rest of the attendees at the meeting in his home, were then contracted with Melaleuca. Further, Plaintiff submitted an affidavit to contradict Buggs's testimony regarding his knowledge of the attendees' involvement with Melaleuca, *see Affidavit of Sandra Zapata ("Zapata Affid.")* (Dkt. 37-4), ¶¶ 6-7, as well as sufficient circumstantial evidence regarding his role with Organo including expansion strategy to increase sales, experience in the industry, the industry practice generally and Buggs' former relationship with Melaleuca as a Preferred Customer, pending litigation in state court with Melaleuca and the number of former Melaleuca Marketing Executives who left Melaleuca and joined Organo "down the line" from Buggs to reasonably infer that Buggs knew or should have known the Marketing Executives he was soliciting were Melaleuca Marketing Executives. *See, e.g., Amend. Cmplt.*, (Dkt. 10), ¶¶ 1, 12, 13, 27 -29, 31 -33, 35, 36, 43, 44, 46, 48 - 50, 55, 57, 58, 61 & 62; *Response* (Dkt. 37), Statement of Facts, ¶¶ 1 - 5, 7, 8, 10, 11, 13, 16, 17, 20 - 25.

**MEMORANDUM DECISION AND ORDER  12**

In deciding this motion, the Court must resolve these factual discrepancies in Plaintiff's favor. *Mattel, Inc. v. Greiner and Hausser GMBH,* 354 F.3d 857, 862 (9th Cir. 2003). The Court does so, and therefore finds that Plaintiff has presented a prima facie case at this stage in the proceeding that supports Buggs's knowledge that he was recruiting Melaleuca Marketing Executives and customers.

The Court finds the Plaintiff's allegations sufficient to establish a prima facie case of the necessary minimum contacts with Idaho for the Court to exercise personal jurisdiction over Defendant Buggs.

> **b.     The claims against Defendant Buggs arise out of his contacts with Idaho.**

Plaintiff's complaint alleges claims against Defendant Buggs that arise directly out of his contact with and solicitation of the Melaleuca Marketing Executives and their customers. Accordingly, Plaintiff has met its burden of establishing the second factor under the specific jurisdiction analysis.

> **c.     Defendants have not made a compelling case that exercising jurisdiction over Defendant Buggs in Idaho is unreasonable or unfair.**

Having found that Plaintiff set forth a prima facie case of the first two elements of personal jurisdiction, Defendant has the burden to rebut the presumption of reasonableness of litigating the case in this forum by a compelling case against reasonableness. *See Haisten*, 784 F.2d at 1397. There are seven factors the Court must consider in determining "reasonableness":

**MEMORANDUM DECISION AND ORDER  13**

(1) the burden on the defendant, (2) existence of an alternative forum, (3) convenient and effective relief for the plaintiff, (4) the forum state's interest in adjudicating the suit, (5) efficient resolution of the controversy, (6) purposeful interjection, and (7) conflicts with sovereignty.

*Lake*, 817 F.2d at 1421-22 (*citing Brand v. Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir. 1986); *Pacific Atlantic Trading Co. v. The M/V Main Express*, 758 F.2d 1325, 1329-31 (9th Cir.1985)). "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Id.* (*quoting Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184).

The Court has considered each factor and finds that Defendants have not presented a compelling case that Idaho is an unreasonable forum within which to conduct these proceedings. Plaintiff is an Idaho corporation. There are three defendants – Organo Gold Int'l Inc., Organo Gold International LLC and Buggs. The two corporate defendants reside in bordering states of Idaho – Washington and Nevada, and together operate an international marketing corporation. Buggs is a Texas resident, the Vice President of Sales and top earner of Organo, and travels nationally and internationally routinely as part of his business activities. Defendant Buggs' counsel, who appeared personally at the motion hearing, resides in California.[6] There appear to be witnesses residing in all of the aforementioned states, as well as Michigan. *See Affidavit of Michael LaClare in Support*

---

[6] Mathew Nguygen and Scott Wellman, from the law firm of Wellman and Warren with an address in Laguna Hills, California, have appeared pro hac vice on behalf of Defendant Buggs, and appeared personally to argue Defendant's motion to dismiss.

**MEMORANDUM DECISION AND ORDER 14**

*f Response to Holton Bugs's Motion to Dismiss or Transfer*, Exh. P (Dkt. 93-3, p. 2) (Organo Gold's Initial Disclosure Statement); Exh. S (Dkt. 93-3, p. 23) (Plaintiff's Initial Disclosure Statement). Accordingly, Idaho is no less reasonable a forum than Texas when weighing all of the factors and considering the various locations of all of the parties, witnesses and counsel involved in this litigation. The Court also concludes that air travel from Texas to Idaho is a particularly compelling burden for Defendant Buggs based on the record before it.

The Court is of the opinion that Idaho has as much, if not more, of an interest in this litigation, given that the claims involve an alleged systematic "raiding" of employees from one of its corporate residents, and significant employers. Buggs's purposeful introjection into the forum is discussed above, and does not provide a compelling reason against the reasonableness of Idaho as the forum. Nor do either of the remaining factors – the judicial systems interest in the efficient resolution of controversies and the states' shared interests in furthering fundamental social policies – weigh significantly in favor of Texas over Idaho.

Accordingly, the Court finds that Defendants failed to present a compelling case against the reasonableness of this Court's jurisdiction over this action. Accordingly, Defendant Buggs's motion to dismiss for lack of personal jurisdiction is denied.

**MEMORANDUM DECISION AND ORDER 15**

# MOTION TO DISMISS FOR IMPROPER VENUE

Defendant also moves to dismiss this action under Fed. R. Civ. P. 12(b)3 and 28 U.S.C. § 1406(a), which provide that the Court may dismiss an action for improper venue. The federal venue statute provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Defendant argues that neither defendant is an Idaho resident, and that a substantial portion of the events in this action occurred in Texas. *Motion to Dismiss* (Dkt 29-1), at p. 10. It is undisputed that no defendant resides in Idaho. However, the record before the Court at this time does not establish that a substantial portion of the events in this action occurred in any one forum. Accordingly, neither subsection (1) or (2) of the federal venue statute is met, and the court may properly determine venue under subsection (3). Organo has personally appeared without objection to personal jurisdiction, and the Court concluded herein that Plaintiff has made a prima facie showing that Defendant Buggs is also subject to personal jurisdiction in Idaho. Accordingly, subsection (3) of the statute is met, thus establishing proper venue in Idaho, *see* 28 U.S.C. § 1391(a), and Defendant's motion to dismiss for improper venue is also denied.

**MEMORANDUM DECISION AND ORDER 16**

# MOTION FOR CHANGE OF VENUE

A.  **Standard of Law**

"For the federal court system, Congress has codified the doctrine [of forum non conveniens] and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). Section 1404(a) of chapter 28 U.S.C. provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under this statute, the moving party must show (1) that the proposed transferee court possesses subject matter jurisdiction over the action, (2) the parties would be subject to personal jurisdiction in the transferee court, and (3) venue would have been proper in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 344, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *A.J. Indus., Inc. v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386 (9th Cir.1974).

Once these threshold requirements are met, this Court must weigh the following factors to determine whether transfer is appropriate: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses and availability of compulsory process; (4) ease of access to the evidence; (5) feasibility of consolidation of other claims; (6) familiarity of each forum with the applicable law; (7) any local interest

**MEMORANDUM DECISION AND ORDER  17**

in the controversy; and (8) the relative court congestion and time to trial in each forum. *Decker Coal*, 805 F.2d at 843.

B.  Analysis

The factors the Court must consider for a request for change of venue for forum non-conviens are the same as, or similar to, those the Court considered above in assessing the reasonableness of Idaho as the forum state. Considering each of these factors including the residence of each party, location of all witnesses, etc., for the same reasons discussed above, the Court concludes also that Texas is no more a convenient forum for this litigation than Idaho. In addition, the Court concludes that Defendant has not shown that either forum is more familiar with the applicable law, or more or less congested such that the trial date in this matter would be impacted by its choice. Accordingly, the Court also denies Defendant's request for change of venue.

## ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Holton Buggs's Motion to Dismiss and In the Alternative, Motion for Transfer of Venue (Dkt. 29) is DENIED.



DATED: **August 9, 2011**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER  18**