IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ORGANO GOLD INTERNATIONAL, INC. ) <br> et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 4:10-cv-420-LMB <br><br> **MEMORANDUM DECISION AND ORDER RE: MOTIONS (Dkts. 73, 97, 99, 100, 113, 123, 149, 154)** |

Currently pending are motions filed by both Plaintiff and Defendants seeking relief in discovery disputes. (Dkts. 73, 97, 99, 100, 113, 123, 149, 154.)[1] The Court has reviewed the parties' written submissions and the additional status reports to the Court regarding which issues the parties were able to resolve informally by mutual agreement. The Court also heard the parties' arguments regarding the unresolved issues on May 24, 2012, and took the remaining matters under advisement. Being fully apprised, the Court

---

[1] Also pending is Plaintiff's Motion for Redesignation (Dkt. 78) which was partially addressed by the Court's Memorandum Decision and Order dated February 14, 2012 (Dkt. 135), and later supplemented by Dkts. 145 and 148. This motion will be considered in a separate Memorandum Decision and Order.

will grant in part, and deny in part, the respective relief requested and will deny both parties' motions for sanctions.

## MOTIONS TO COMPEL

### A. Scope of Discovery

The Court may order the "discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Relevant evidence is any evidence tending to make the existence of any consequential fact "more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although viewed in light of Rule 401, "the question of relevancy is to be more loosely construed at the discovery stage than at the trial . . . ." *See* 8 Wright, Miller, and Marcus, *Federal Practice & Procedure*, § 2008 at 125 (2010). That the evidence might be inadmissible does not preclude discovery so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

For purposes of discovery, the definition of relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Consistent with the liberal notice pleading standards, "discovery is not limited to issues raised in the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.*

MEMORANDUM DECISION AND ORDER - 2

The scope of discovery of relevant evidence, however, is not unlimited. *See* Fed. R. Civ. P. 26(b)(2). The Court must limit discovery, either by motion or on its own, if it determines that the "the burden or expense of . . . proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Similarly, in the case of electronically stored information, the Court may relieve a party from whom such information is sought if that party "shows that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The Court may also specify conditions for the discovery to lessen the burden. *Id.*

In the case of a motion for a protective order, the party or person seeking to limit its own disclosures has the burden of showing good cause. *Blankenship v. Hearst*, 519 F.2d 418 (9th Cir.1975). Even where "good cause" is established, a court must still balance the interests in allowing discovery against the relative burdens that would be imposed. *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir.1982); *see also Wood v. McEwen*, 644 F.2d 797, 801–02 (9th Cir.1981).

**B.     OrGano's First Motion to Compel Discovery Responses (Dkt. 73)**

In the parties' most recent updates to the Court regarding agreements reached on the discovery disputes, OrGano indicated that all but one issue raised in its first motion to

compel has been resolved. The one remaining issue is Melaleuca's objection to OrGano's Request for Production of Documents No. 136.

Request No. 136 requests:

> Any And all Documents, within the last fifteen (15) years, that consist of, refer to, And/Or relate to any efforts by You or by Your employees, agents, associates, representatives, And/Or customers to recruit, hire, And/Or solicit employees, agents, associates, representatives, And/Or customers from any other multi-level marketing And/Or direct marketing company including, but not limited to, Herbalife International, Gano Excel (U.S.A.), Inc. And/Or BeautiControl, Inc.

(*Declaration of Christopher J. Cuneo in Support of Defendants' Motion to Compel* ("Cuneo Decl."), Ex. A at p. 1 (Dkt. 73-2); Ex. B, at p. 44 (Dkt. 73-4).)

Melaleuca opposes responding to this request on the basis that the information requested is irrelevant to the issues in this litigation. Melaleuca argues that OrGano seeks this information solely to support its unclean hands defense by attempting to establish that Melalueca engaged in the same "bad acts" against other competing multi-level marketing companies. However, Melalueca argues further, that an element of this defense is that OrGano must have been harmed by these "bad acts," which it cannot establish where the acts are directed solely at third parties.

Having reviewed the record, and considered the parties' arguments, the Court concludes that the information OrGano requests encompasses matters that are relevant to this litigation for discovery purposes.

MEMORANDUM DECISION AND ORDER - 4

The Court also concludes, however, that OrGano's request is overly broad and excessive in the time period sought. Accordingly, good cause exists to limit the time period of the request from fifteen (15) years to eight (8) years to achieve an appropriate balance of relevance and burden.

The Court further concludes that Melaleuca has not established that producing the documents in its possession relating to the two lawsuits filed against it is overly burdensome, or that the Amended Protective Order in this case does not protect the confidences of those documents. Accordingly, Melalueca's objections on these bases are overruled and the requested documents shall be produced.

With respect to Melalueca's general objections based on privilege, Melaleuca must produce a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A).

**B.     OrGano's Second Motion to Compel Discovery Responses (Dkt. 99)**

The second remaining motion to compel is in regard to OrGano's Request Nos. 132, 133, 137, 149 and 166. OrGano's motion will be granted in part, and denied in part.

**1.     Request Nos. 132 and 133**

Request Nos. 132 and 133 seek, respectively:

- Any And all Documents, within the last fifteen (15) years, that consist of, refer And/Or relate to the deposition transcripts, affidavits And trial testimony of Thomas Knutson.

- Any And all Documents, within the last fifteen (15) years, that consist of, refer And/Or relate to the deposition transcripts, affidavits And trial testimony of Frank Vandersloot.

MEMORANDUM DECISION AND ORDER - 5

(*Declaration of Christopher J. Cuneo in Support of Defendants' Second Motion to Compel Discovery Response* ("Cuneo Decl. 2nd"), Exs. A, at p. 1 and B, at p. 44, Dkt. 99-4.)

Melaleuca objects to the request again on the basis that insofar as OrGano seeks information to support an unclean hands defense, the information is irrelevant. It also objects on the basis that the request is overly broad and unduly burdensome because of the use of the terms "any and all documents which relate to" the specific information. Melaleuca asserts that it has been involved in eighty plus lawsuits over the last fifteen years, and would have to comb through every file to find all responsive documents, which it contends is unreasonable given the degree of relevance of the information requested. Melalueca acknowledged, however, that the number of lawsuits in the last fifteen years involving actual testimony or statements by Knutson and Vandersloot is relatively few – approximately five cases.

As discussed above, for the purposes of discovery, the Court has rejected Melaleuca's position that information regarding its alleged "bad acts" is irrelevant to this litigation. Accordingly, the information requested is relevant for discovery purposes. Balancing this relevance, however, with the burden of production, the Court limits OrGano's requests to only statements taken or given under oath by Knutson and Vandersloot in litigation within the last fifteen years, including affidavits, declarations, depositions and trial testimony. The Court does not order with a broad brush that other

MEMORANDUM DECISION AND ORDER - 6

documents which may "relate to" these documents also be located and produced. The one exception, however, is that if testimony refers to a specific document, whether or not the document is made an exhibit to the proceeding, then that document must also be produced.

### 2. Request No. 137

Request for Production No. 137 requests:

> [a]ny And all Documents that refer to And/Or relate to any case that has been filed on behalf of, Or against, You And/Or Frank VanderSloot And that alleges defamation, slander, And/Or libel.

(*Cuneo Decl. 2nd*, Exs. A, at p. 1 and B, at p. 44, Dkt. 99-4.)

After considering the parties arguments, and analyzing the record, the Court concludes that the information OrGano requests is relevant for the purposes of discovery, but without imposing a time limitation it is overly burdensome. Therefore, OrGano's request is limited to a period of eight (8) years.

Again, Melaleuca must also provide the appropriate log for the asserted privileged documents, as well as a copy of the applicable protective order.

### 4. Request No. 149

OrGano's Request No. 149 requests "[a]ny And all Documents describing Plans Or forecasted changes in Your compensation structure for marketing executives." (*Cuneo Decl. 2nd*, Ex. A, p. 4; Ex. C, p. 9.) The Court concludes that the information OrGano requests is relevant again for the purposes of discovery, and also that it has not been

established "that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Accordingly, OrGano's motion is granted in this regard.

5. **Request No. 166**

OrGano's Request No. 166 asks for "[a]ny And all Documents describing Your recruiting of new marketing executives." (*Cuneo Decl. 2nd*, Exh. A, p. 4 and Exh. C, p. 12.) Melaleuca contends this request is overly broad because it essentially encompasses the entire business model of the company. The subject matter is relevant for discovery purposes, but the Court agrees that it is overly broad as to the time period requested. Accordingly, Melalueca's response period shall be reduced, and its response must include those documents which describe Melaleuca's recruiting of new marketing executives from competing multi-level marketing companies within the last six (6) years. This request will be limited to six (6) years instead of eight (8) years as allowed in the previous requests due to the volume of documents which may be responsive in view of their potential relevance to the matters at issue in this litigation.

C. **OrGano's Motion to Extend Discovery Cutoff for Zapata, Rojas and Wasden Depositions and for Production of Documents (Dkt. 100) and Melaleuca's Motion to Compel Production of Documents, Extend Discovery for Plaintiff, and for Sanctions (Dkt. 97)**

Both parties request an extension of the discovery cutoff, though Melaleuca asks that OrGano's request be denied and requests that any extensions be unilateral. Good

cause exists to grant an extension for both parties, and that there is no basis to award sanctions against either party at this time.

The respective motions for discovery extensions are granted, and an amended discovery schedule is set forth below. Melaleuca's request for a date certain for the production of OrGano's documents is granted in accordance with the schedule set forth below.

D. **Melaleuca's Motion to Compel Production of Documents in a Reasonably Usable Format and Compliance with the Amended Protective Order (Dkt. 123.)**

   1. **Produce Documents in a Reasonably Usable Format**

Melaleuca requests that the Court compel OrGano to produce electronic copies of its data files as they are kept in the ordinary course of business. In its Motion, Melaleuca contends that OrGano intentionally produced its information in an "unusable format," causing significant burden and unnecessary expense.

In response, OrGano contends that it produced documents in the format – .tiff with load files – to which the parties agreed in the initial meet and confer stage of discovery, that .tiff format with load files is highly searchable and reasonably usable. OrGano also asserts it has spent hundreds of thousands of dollars, initially with an outside vendor, producing the documents in accordance with the agreement, and due to the breadth of Melaleuca's discovery. OrGano contends that in order to reproduce the documents, it

MEMORANDUM DECISION AND ORDER - 9

would have to incur, in addition to e-discovery vendor costs, undue costs for attorneys to re-review each page at additional expense of approximately $1,562,400.

Nonetheless, OrGano further states that it has not completed its document production, has recently begun producing documents in an electronic format and believes Melalueca's request will be satisfied with current and future productions in this format. Melaleuca agrees that the format and data disclosed most recently is the format in which the information should be produced.

Because document production is not yet complete, the Court concludes that the request that OrGano revisit, and potentially redo, every document production response is premature.  OrGano has agreed to produce its documents in the electronic format in which they are regularly kept going forward, and it is likely that the future productions will satisfy Melaleuca's objections to the information.  Accordingly, Melaleuca's request is granted in part with respect to current and ongoing productions, but denied with respect to past productions.

    **2.**    **Over-designation of Outside Counsel Eyes Only Protection**

The Amended Protective Order in this case allows the parties to designate materials they believe to be competitively sensitive as either "Confidential" or "Outside Counsel Eyes Only" ("OCEO") depending on the degree of sensitivity.  Information may be designated "Confidential" if the disclosure of which the "Designating Party in good faith believes . . . presents a risk of injury to the legitimate business interests of the

Dislcosuring Party or any other legitimate interest." (*Amend. Protective Order*, Dkt. 61, ¶ 1.2.) The OCEO designation requires that the information be Confidential, and "so proprietary or competitively sensitive that its disclosure to persons other than [outside counsel] could cause irreparable competitive or other injury to one of the Parties or to a competitor of one of the Parties. . . ." (*Id.*, ¶ 1.3.)

Melaleuca contends that OrGano over-designated its documents as OCEO to such an extent that its designations were not in good faith, and have severely hampered Melaleuca's ability to prosecute the case. OrGano responds that many of the documents Melaleuca is claiming are improperly designated are not the responsive documents themselves, but attachments included for the purpose of providing a complete document, and that the volume of documents produced is a result of the breadth of Melalueca's discovery requests.

Melaleuca requests the Court order OrGano to redesignate all of the documents it has previously disclosed, order OrGano to make its designations in good faith going forward, issue an automatic monetary sanction for improper designations, and allow Melaleuca's in-house counsel access to all documents produced by OrGano to date, regardless of the designation.

Section 3.3 of the Amended Protective Order governs challenges to confidentiality designations. It provides generally that the parties shall attempt to resolve the challenge as to individual documents informally, and failing agreement, the objecting party may move

MEMORANDUM DECISION AND ORDER - 11

the Court for a ruling that the designated Material is not entitled to such protection. (*Dkt.* 61, p. 9, ¶ 3.3.1.) The Designating Party then has the burden to show that designation is proper. *Id.*

The Court is not able to make a blanket decision that OrGano's current designations are improper without reviewing each individual documents themselves and is of the view that it would be an abuse of discretion or inequitable to sanction OrGano by ordering that it re-designate every document previously disclosed without a specific showing of good cause. Based on the record before it, the Court cannot find compelling evidence of "bad faith" that would justify imposing such a general sanction. Accordingly, Melaleuca's motion is denied on the record now before the Court.

However, OrGano should seriously reflect on its prior designations in a good faith attempt to determine whether the designations previously made are truly for outside counsels' eyes only. With this admonition in mind, if the Court later finds OrGano has overzealously designated documents as Melalueca asserts, an award of fees and costs will be imposed.

Going forward, unless the parties can agree otherwise, Melaleuca's outside counsel will need to identify the specific documents that should be re-designated, allow OrGano the opportunity to do so, and then, failing agreement, file a motion for compliance. OrGano will then have the burden of establishing that its designation is proper, and this Court will review the documents and issue an order. If further motions

MEMORANDUM DECISION AND ORDER - 12

for re-designation of this information are filed for the Court to resolve, fees and costs will be assessed in favor of the prevailing party.

E.       Motions Regarding Discovery of Jeff Wasden and Documents

Jeff Wasden is Melaleuca's former Vice President of Worldwide Marketing. *(Memorandum In Support of Motion for Leave to Submit Deposition Testimony of Jeff Wasden in Idaho State Court, Statement of Facts*, ¶ 1 (Dkt. 154-1)). In 2007, Melaleuca sued Wasden in Idaho state court for breach of the Separation Agreement he signed when he left Melaleuca. *Melaleua, Inc. V. Wasden*, No. CV-07-378, Seventh Judicial District, State of Idaho. *(Id.)* In that action, Wasden filed counterclaims alleging fraud and other illegal and unethical conduct by Melaleuca. *(Id.)*

The state district court entered a protective order (hereafter "Wasden Protective Order") in that case that required 'protected material' to be used only in the Wasden case, to be sealed if used and destroyed or returned within 30 days of the end of the case. (*Id.*, ¶ 2; *see* Dkt. 154-2, pp. 2 - 14.) Accordingly to the record, Wasden later obtained documents from a friend, and then still employee of Melaleuca, which the state court ordered returned to Melaleuca on the basis that they were labeled "privileged." (*Id.*; *see* Dkt. 154-2, pp. 14 - 15.) The state court granted summary judgment for Melaleuca on its breach of contract claim and dismissed Wasden's counterclaims. (*Id.* at ¶ 4.)

In this instant action, OrGano sought discovery from Wasden through a subpoena duces tecum for testimony and production of documents. At the time, Melaleuca did not

MEMORANDUM DECISION AND ORDER - 13

file a motion for protective order of Wasden's discovery and appeared at the deposition through counsel. Wasden brought no documents to the deposition and discussed the protective order during questioning. Following the deposition, OrGano's counsel received a package of documents from an anonymous sender, which it believed, and later confirmed, was from Wasden. OrGano's counsel has not reviewed the documents based on Melaleuca's objection, believing them to be documents from the Wasden state court litigation which may be subject to the Wasden Protective Order. Melaleuca has since filed a motion for contempt against Wasden in state court for violating the protective order for producing the documents to OrGano. With this background in mind, the Court will now address the specific issues raised regarding the Wasden deposition and discovery.

> **1. Melaleuca's Motion for Leave to Submit Wasden Deposition Testimony in State Court (Dkt. 154)**

Pursuant to the Amended Protective Order in this case (Dkt. 61), Melaleuca requests permission to use Wasden's *federal court deposition* to support the state court contempt proceedings against Wasden. (*Melaleuca's Motion for Leave to Submit Deposition Testimony of Jeff Wasden in Idaho State Court*, Dkt. 154.) Melaleuca argues that the deposition establishes that Wasden knew that the documents were subject to the state protective orders. It also contends that it intends to take Wasden's deposition in the state court matter before the contempt hearing.

MEMORANDUM DECISION AND ORDER - 14

OrGano raises no substantive objection to Melaleuca's request to use the deposition. OrGano does argue, however, that it cannot agree to allow Melaleuca to use the Wasden *documents* because Melaleuca has prohibited OrGano from viewing the documents and threatens to report to the state Bar any attorney who reviews the information for ethical violations. Melaleuca emphasizes that its request deals only with the deposition transcript and not the documents provided to OrGano's counsel.

The Court concludes that Melalueca has shown good cause, specifically the efficiency of justice, to allow the deposition transcript from this litigation to be used in the state court contempt proceeding, if the state district judge allows it to be used. Accordingly, Melalueca's motion is granted.

### 2. Melaleuca's Motion for Protective Order of Wasden Deposition (Dkt. 113).

Melaleuca also moves to protect further discovery from Wasden on the bases that he left Melaleuca two years before OrGano was formed and therefore has no relevant information, and any information he does have is confidential under the state court protective order. (*Melaleuca's Motion for Protective Order of Wasden Deposition,* Dkt. 113.)

OrGano stated in the May 24, 2012 hearing, however, that it did not intend to seek any further deposition testimony from Wasden, unless necessary after review of the documents. The Court concludes the issue is moot on this basis. Should the issue arise in the future, the Court will defer to the State court's ruling on the confidentiality of the

MEMORANDUM DECISION AND ORDER - 15

documents or additional testimony from Wasden regarding the documents. The motion is therefore denied.

## ORDER

IT IS HEREBY ORDERED:

1. Melalueca's Motion to Compel Production of Documents, Extend Discovery for Plaintiff, and for Sanctions (Dkt. 97) is GRANTED IN PART and DENIED IN PART; Melalueca's Motion to Extend Discovery is GRANTED; Melalueca's motion to compel production of documents by a date certain is GRANTED; Melalueca's motion for sanctions is DENIED;

2. Melalueca's Motion for a Protective Order Precluding Further Discovery of Jeff Wasden (Dkt. 113) is DENIED.

3. Melalueca's Motion to Compel Production of Documents in a Reasonably Usable Format and Compliance with the Amended Protective Order (Dkt. 123) is GRANTED in part and DENIED in part; the motion is granted with respect to OrGano producing documents in their regularly kept electronic format going forward, and denied with respect to retrospective re-production of all documents and with respect to the motion for compliance with the amended protective order.

4. Melalueca's Motion for Leave to Submit Deposition Testimony of Jeff Wasden in Idaho State Court (Dkt. 154) is GRANTED;

5. OrGano's Motion to Compel Discovery Responses (Dkt. 73) is GRANTED

MEMORANDUM DECISION AND ORDER - 16

in part and DENIED in part; the information shall be compelled but the scope of the Request No. 136 is limited from fifteen (15) years to eight (8) years as set forth in the Court's memorandum decision.

6.  OrGano's Second Motion to Compel Discovery Responses (Dkt. 99) is GRANTED in part and DENIED in part; the information shall be compelled but as to Requests No. 132 & 133, is limited to the documents listed above; as to Request No. 137, is limited to a time period of eight (8) years; and, as to Request No. 166, is limited to a time period of six (6) years, as set forth above in the Court's memorandum decision.

7.  OrGano's Motion to Extend Discovery Cutoff for Zapata, Rojas and Wasden Depositions and for Production of Documents (Dkt. 100) is GRANTED in part and DENIED as moot with respect to Wasden's deposition; the parties shall have 60 days from the date of this Order to complete document production and depositions, and an additional 60 days from that date to complete all discovery; Melalueca shall disclose expert witness testimony within 30 days of completion of discovery; all defendants shall disclose expert witness and testimony within 30 days of Melalueca's disclosure; Melalueca shall have 15 days to disclose its rebuttal report; dispositive motions shall be filed within 60 days of the close of discovery.

8.  Motion to Strike Plaintiff's "Reply in Support of Motion to Compel Production of Documents in Reasonably Usable Format and Compliance with the

Amended Protective Order (Dkt. 149) is DENIED and alternative Motion for Leave to

File Sur-Reply In Opposition to Dkt. 146 (Dkt. 149) is GRANTED.



DATED: **June 20, 2012**.

Honorable Larry M. Boyle
United States Magistrate Judge